UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mario Casas, Jr.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Geico Indemnity Company,<br><br>　　　　Defendant. | Case No.: 2:13-cv-1567-JAD-CWH<br><br>**Order Granting Motion to Remand**<br>**[Doc. 11]** |

On July 11, 2013, Plaintiff Mario Casas, Jr. sued Defendant Geico Indemnity Company in Nevada State Court, alleging that on June 8, 2012, through no fault of his own, he sustained personal injuries in an automobile accident, for which Geico, his insurer, was obligated to compensate him. Doc. 1 at 8. Casas claims that his policy provided uninsured and underinsured motorist coverage of $15,000 per person and $30,000 per occurrence. *See id.* His medical bills from the accident allegedly totaled $16,067 at the time he filed the Complaint, and he continues to incur expenses. *See id.* at 8-9. Casas sued Geico for breach of contract (Count 1), alleging that he had suffered damages "in a sum in excess of $10,000." *Id.* at 11. He also alleges that Geico breached the implied covenant of good faith and fair dealing (Count 2), violated Nevada insurance trade practices (Count 3), and was unjustly enriched by the coverage denial (Count 5), alleging damages in excess of $10,000 for all claims. *Id.* at 11-13. Casas also alleges that Geico owed him "a fiduciary duty to act in his

best interest and in good faith," which Geico "malicious[ly]" breached; Casas claims damages in excess of $10,000 for this bad faith conduct, as well as statutory damages under NEV. REV. STAT. ANN. § 41.085 including, but not limited to, "special damages[] such as funeral expenses; and exemplary or punitive damages." (Count 4). *Id.* at 12-13. Finally, Casas claims that Geico owes him attorney's fees for being obligated to bring the instant action, although he does not specify the amount of these damages (Count 6). *Id.* at 14. All in all, Casas' prayer for relief requests a judgment against Geico "in an amount in excess of Ten Thousand Dollars ($10,000)," and "punitive damages in excess of Ten Thousand Dollars ($10,000)." *Id.*

On August 29, 2013, Geico removed this case to federal court under 28 U.S.C. § 1441(b), alleging that removal is proper, because the parties are from different states and the amount in controversy exceeds $75,000. *Id.* at 2. Geico contends that while the policy limitations provide Casas a maximum of $15,000 in recovery, he had alleged punitive damages, thereby raising his theoretical recovery above the $75,000 amount-in-controversy threshold. *Id.* at 2-3. Casas seeks remand on the basis that Geico has not demonstrated that this case exceeds the $75,000 jurisdictional threshold for diversity jurisdiction and he asks for an award of attorney's fees for improper removal. Doc. 11 at 2-3. Geico has filed a response, Doc. 13, and Casas has filed a reply. Doc. 14. For the foregoing reasons, the motion is to remand granted but the request for attorney's fees is denied.

## Discussion

28 U.S.C. § 1441(b) provides for removal to federal court based on diversity of citizenship. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Where a state court plaintiff does not originally specify a particular amount of damages, the removing Defendant has the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the federal jurisdictional amount. *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 403 (9th Cir. 1996). "Under this burden, the defendant must

provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* at 404 (citation omitted). "Jurisdiction may not be maintained by mere averment." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 1936); *Sanchez*, 102 F.3d at 403 (citations omitted). If the Court finds that the amount-in-controversy threshold is not satisfied, it should remand the case to state court pursuant to 28 U.S.C. § 1447(c).

**A.     The Jurisdictional Threshold Is Not Likely to Be Met**

The parties do not dispute that Casas' damages do not meet the jurisdictional threshold unless punitive damages are included; thus, the gravaman of the parties' arguments centers on the probable amount of punitive damages. Casas argues that the $15,000 policy limitation and approximately $16,000 in medical damages he had incurred make it highly speculative to conclude that his recovery will exceed $75,000 even with punitive damages. Docs. 11 at 2-3; 14 at 3. Geico argues that up to $300,000 in punitive damages could be awarded in this action under Nevada's statute. Doc. 13 at 4 (citing NEV. REV. STAT. ANN. § 42.005(1)(b)).

As a general matter, "punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Thus, a district court may consider punitive damages in determining the amount in controversy when such damages are available as a matter of state law. *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). In Nevada, "[a] plaintiff may recover punitive damages when evidence demonstrates that the defendant has acted with 'malice, express or implied.'" *Wyeth v. Rowatt*, 244 F.3d 765, 783 (Nev. 2010) (quoting NEV. REV. STAT. ANN. § 42.005(1)). Casas' complaint alleges that Geico acted "maliciously" when failing to make good on its coverage obligations. Doc. 1 at 12-13. Thus, his request for punitive damages is properly considered in reaching the jurisdictional amount. NEV. REV. STAT. ANN. § 42.005(b) caps punitive damages at "[t]hree hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000," *id.*, and an award in this range would obviously satisfy the jurisdictional minimum. Thus, if Casas were

to prevail on his bad faith claim, for which he requests damages "in excess" of $10,000, Geico theoretically could be found liable for to punitive damages in an amount that—when combined with compensatory damages—gets Casas over the $75,000 amount-in-controversy threshold.  But Geico's burden is not merely to hypothesize to a threshold-satisfying recovery; as the removing party, Geico must prove that a threshold-beating recovery of punitive damages is more likely than not.  *Sanchez*, 102 F.3d at 403-04.  Although Geico cites to *Flores*, 2010 WL 185949 (D. Nev. Jan. 14, 2010), which references various jury verdicts with high punitive damages-to-compensatory-damages ratios, Geico offers zero analysis as to why a similar award should be anticipated under the facts of this case.  This bare citation, without more, is insufficient to demonstrate that recovery of an amount in excess of $75,000 is "more likely than not" in given the particular facts of this case.[1]  Therefore, Geico has not met its burden to show by a preponderance of the evidence that federal jurisdiction is appropriately exercised in this case.

## B.     Casas Is Not Entitled to Attorney's Fees

Casas also contends that he is entitled to an award of attorney's fees for being obligated to contest a meritless removal from state court.  Doc. 11 at 7.  According to Casas, because Geico made only "conclusory statements unsupported by objective evidence," and "did not even contact Plaintiff's counsel to inquire as to the amount of the claim that [Casas] was seeking," Geico had no objectively reasonable basis for seeking removal.  *Id.*

"An order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (emphasis added).  Such fees may be awarded where a defendant has no "objectively reasonable basis for seeking removal" and, by contrast, should be denied when such an objectively reasonable basis exists.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Any award of such fees is ultimately left to the discretion of the district court.  *Gotro*

---

[1] Geico also argues that an award of attorney's fees may be used to meet the jurisdictional threshold, Doc. 13 at 3.  Nevada follows the American Rule for an award of attorneys fees; they are not recoverable unless authorized by agreement, statute, or rule.  *See Young v. Nevada Title Co.*, 744 P.2d 902, 905-06 (Nev. 1987).  Geico has identified no agreement, statute, or rule that would provide for an award of attorney's fees here.

*v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (citation omitted).

Geico's failure to demonstrate that the damages in this case would "more likely than not" exceed the $75,000 jurisdictional threshold was a failure of degree, not categorically frivolous. For this reason, the Court finds that Geico had an objectively reasonable basis for seeking removal, and thus denies Casas' request for attorney's fees.[2]

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Casas' Motion to Remand [Doc. 11] is **GRANTED**.

It is **FURTHER ORDERED** that Casas' request for attorney's fees is **DENIED**.

DATED: December 4, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that Casas failed to submit a statement itemizing his requested attorney's fees which the Court could analyze. *See Herrera v. Toyota Motor Sales, U.S.A.*, 2013 WL 1182099, at *3 (D. Nev. Mar. 18, 2013) (denying request for attorney's fees where prevailing party on remand motion failed to, *inter alia*, provide an itemized breakdown of attorney's fees). This supplies a second, independent basis for denying the fee request.